**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-20124**
**Summary Calendar**
_____


**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**RAMIRO PIZANO-CORONA,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-00-CR-21-1)**
_____

August 31, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Ramiro Pizano-Corona, a/k/a Henry Miranda, appeals his conviction for illegal reentry after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Pizano's motion to suppress his prior deportation on due process grounds was denied. Pizano asserts his prior deportation proceedings (1988) violated principles of due process because there is no evidence the immigration judge informed him he had the right to counsel or might be eligible for relief from deportation. Pizano suggests these omissions invalidated his waiver of his right to appeal; and he

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends he was prejudiced by the immigration judge's alleged failure to inform him of the possibility of relief from deportation because there is a reasonable probability he would have been eligible for relief from deportation based on extreme hardship.

An alien may collaterally challenge a deportation order used as an element of a criminal offense. *United States v. Mendoza-Lopez*, 481 U.S. 828, 838-39 (1987). To suppress a deportation order charged in a § 1326 prosecution, an alien must establish: the deportation hearing was "fundamentally unfair"; the hearing effectively eliminated his right to challenge the hearing in a judicial review of the deportation order; and he suffered actual prejudice, meaning there is a reasonable likelihood he would not have been deported absent the challenged errors in the deportation proceeding. *United States v. Hernanzez-Avalos*, 251 F.3d 505, 507 (5th Cir. 2001); *United States v. Asibor*, 109 F.3d 1023, 1038 (5th Cir.), *cert. denied*, 522 U.S. 902 (1997); *United States v. Benitez-Villafuerte*, 186 F.3d 651, 658-59 & n.8 (5th Cir. 1999), *cert. denied*, 528 U.S. 1097 (2000)(requiring showing of actual prejudice while also noting Congress' 1996 enactment of 8 U.S.C. § 1326(d)).

Pizano's legal challenges to the constitutionality of the deportation proceeding are reviewed *de novo*; the district court's factual findings based on live testimony at the suppression hearing, only for clear error. *United States v. Lopez-Vasquez*, 227 F.3d 476, 481-82 (5th Cir. 2000); *United States v. Sierra-Hernandez*, 192 F.3d 501, 503 (5th Cir. 1999), *cert. denied*, 528

2

U.S. 1178 (2000); *United States v. Encarnacion-Galvez*, 964 F.2d 402, 409 (5th Cir. ), *cert. denied*, 506 U.S. 945 (1992).

Pizano's lengthy criminal history demonstrates he was presumptively deportable under the law in effect at his 1988 deportation hearing (as well as under current immigration law) and that he was (and is) ineligible for any type of relief from, or suspension of, deportation. *See* 8 U.S.C.A. §§ 1227(a)(2)(A)(iii), 1228(c), 1229b (West, WESTLAW through May 28, 2001); 8 U.S.C. §§ 1251, 1254 (1982 & Supp. V 1987). Thus, Pizano cannot demonstrate he was prejudiced by errors, if any, in the 1988 deportation proceeding. *Benitez-Villafuerte*, 186 F.3d at 658.

Pizano also claims showing actual prejudice is not required because "structural" error was committed when he was allegedly denied counsel in relation to his 1988 deportation hearing. The district court found, however, that the January 1988 show cause order informed Pizano he could be represented by counsel. Pizano admitted at the suppression hearing that his signature appeared on the order. The district court did not commit clear error in finding Pizano was informed of his right to counsel.

*AFFIRMED*

3